**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF SURVEILLANCE CAMERAS ) ) ) ) ) | Magistrate Judge's No. 20-MJ-5016 |

\* \* \* \* \*

## APPLICATION

1. The United States of America, by counsel, Assistant United States Attorney Kate K. Smith, moves the Court, pursuant to 28 U.S.C. § 1651(a), to grant an order which: (1) authorizes the installation of and use for sixty days surveillance cameras on the utility poles identified below; (2) orders that LG&E/Kentucky Utilities, and their agents and employees, make no disclosure of the existence of the application and order for the installation of the surveillance cameras unless authorized to do so by this Court; and (3) seals this Application and the Court's orders pending further order of the Court.

2. The United States seeks an order authorizing the installation and use of surveillance cameras on a utility pole maintained by LG&E/Kentucky Utilities, located at the intersection of Village Drive and Daniel Court, near 2033 Daniel Court, Lexington, Fayette County, Kentucky, 40504. The location was confirmed by FBI Special Agent David Lowery. The pole is located near the public sidewalks at the intersection of Village Drive and Daniel Court, near the apartment building located at 2033 Daniel Court, Lexington, Kentucky. Attachment A to this Application contains an image of the property and surrounding area. Special Agent David Lowery obtained the image from Google Maps and has personally viewed the pole and surrounding area. The image

1

provided from Google Maps is a fair and accurate representation of 2033 Daniel Court, Lexington, Kentucky, 40504 and surrounding area.

3. In support of this Application, the United States submits the following, which is based on information collected during a health care fraud investigation. Special agents from the Federal Bureau of Investigation (FBI) are investigating Delores Jordan and others, for committing health care fraud, in violation of 18 U.S.C. § 1347. Based on investigation, law enforcement believes that Jordan is likely using this location to commit health care fraud.

4. The information set forth below was provided by Special Agent David Lowery and other law enforcement officers. It is not meant to be a complete recitation of the facts spanning the entire investigation, and is to be used only to establish that the authorization of the pole camera is necessary and material to the on-going investigation.

5. In February 2019, the Lexington Police Department (LPD) received a complaint from the Director of Homelessness of the Lexington-Fayette Urban County Government that an organization called 1st Choice Healthcare ("1st Choice") was potentially exploiting individuals in the homeless population in Lexington, Kentucky by recruiting them to participate in behavioral health treatment for alcohol and drug dependency in exchange for free housing, then billing Medicaid for these services.

6. The LPD investigation revealed that on or about February 1, 2019, 1st Choice representatives paid the initial rent for multiple units in the Fayette Crossing Apartment complex in Lexington, Kentucky, using a check from United Youth Care Services (UYCS), an organization out of North Carolina.

7.  A check through FBI databases revealed UYCS is the subject of an ongoing investigation being conducted by the FBI Charlotte Field Office. This investigation involves UYCS and several subsidiaries, operating in North Carolina, falsely billing Medicaid for unnecessary services, such as drug treatment and urine drug screenings.

8.  According to the LPD investigation, after less than 2 months, the individuals living in Fayette Crossing Apartment complex in the rooms paid by UYCS were moved to Tates Creek Crossing Apartments and continued to participate in 1st Choice programs.   Employees of the Fayette Crossing Apartment complex provided investigators with a list of the individuals who had lived in the units paid by UYCS.

9.  A health care fraud auditor in the United States Attorney's Office obtained the Kentucky Medicaid billing data for 1st Choice, which revealed that, between February and July of 2019, 1st Choice had received approximately $163,000 from Kentucky Medicaid for services allegedly provided to the individuals identified by the Fayette Crossing Apartment employees.

10.  In December 2019, an individual wishing to remain anonymous reported to agents that 1st Choice closed its office located at 2432 Regency Road, Lexington, Kentucky, and patients were moved to a new program being operated at a new location within an apartment building on Daniel Court in Lexington, Kentucky.

11.  On December 20, 2019, at 9:30 am, the case agent conducted surveillance near 2033 Daniel Court, Lexington, Kentucky.   A black female was seen exiting the apartment building located at 2033 Daniel Court and getting into the driver's seat of a sedan, North Carolina passenger plate PKM4449, while carrying what appeared to be two FedEx packages. A computer check of the license plate revealed the vehicle was registered to an individual named

Delores Jordan. Jordan has been listed as a subject in the FBI Charlotte Field Office investigation as the owner of Legacy Housing Group, LLC, an entity registered with the North Carolina Secretary of State's office.

12. In North Carolina, Jordan is suspected of providing housing to underprivileged individuals who are enrolled in UYCS programs. Once these individuals are enrolled in UYCS programs, and housed by entities such as Legacy Housing Group, LLC, the Medicaid and Medicare beneficiaries undergo urine drug screenings, which are billed to their insurance providers.

13. A search of the Kentucky Secretary of State website revealed Jordan is listed as the registered agent and organizer for a company entitled Serenity Keepers, LLC located at 2033 Daniel Court, Suite 1, Lexington, Kentucky, organized on August 20, 2019.

14. The apartment building at 2033 Daniel Court, Lexington, Kentucky, is described as a three story multi-family brick apartment building. The requested video surveillance cameras (pole cameras) will be used to monitor, capture, record and review the public activity occurring in front of the apartment building located at 2033 Daniel Court, Lexington, Kentucky, including the comings and goings of Delores Jordan, and others. This activity could potentially be used to support evidence of health care fraud activities pertaining to this investigation.

15. The requested pole cameras will not record inside any dwellings nor will they record any audio of conversations. The requested pole cameras will not provide a view of any area that is not easily accessible to the general public nor will it provide a view of any area that the owner has taken steps to prevent the general public from viewing. The video surveillance footage may also be used to develop potential co-conspirators and may also be used to obtain search warrants

4

for other locations for health care fraud activities. Based on the nature of the suspected activities and the location of the building at 2033 Daniel Court, Lexington, Kentucky, it is impractical for law enforcement to conduct long term physical surveillance of the area without alerting Delores Jordan and/or her associates. The ability to conduct surveillance is limited to short drive-by techniques or short term stationary surveillance, which are inadequate to assess the extent of potential criminal activity or conduct prolonged surveillance without being compromised. The presence of unknown vehicles or similar vehicles over a period of time would likely appear suspicious to Jordan or others in the neighborhood as previously described in this application. Parking on the street for long periods of time to conduct surveillance from inside a motor vehicle will be difficult at this location as the number of potential locations to park and view this residence from the street are limited without being easily detected.

16. There is no reasonable expectation of privacy in the area outside the residence at 2033 Daniel Court, Lexington, Kentucky. The installation of a video camera on a utility pole outside residences and businesses to view only "what any passerby would easily have been able to observe" and not to view the inside of those residences does not violate the Fourth Amendment. *United States v. Jackson*, 213 F. 3d 1269, 1280-81 (10th Cir.), *vacated on other grounds*, 531 U.S. 1033, 121 S. Ct. 621, 148 L Ed. 2d 31 (2000) (relating to application of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). "The use of video equipment and cameras to record activity visible to the naked eye did not ordinarily violate the Fourth Amendment," much less use of the equipment to view activity that "a person knowingly exposes to the public." *Id*. (citing *Dow Chem. Co. v. United States*, 476 U.S. 227, 106 S. Ct. 1819, 90 L. Ed. 2d 226 (1986) (aerial photography of facility did not violate company's reasonable

expectations of privacy), and *California v. Ciraolo*, 476 U.S. 207, 106 S. Ct. 1809, 90 L. Ed. Ed 210 (1986) (aerial observation of fenced-in back yard within residence's curtilage did not violate Fourth Amendment)).   Accordingly, "there was no need for [law enforcement] to obtain a search warrant before installing and utilizing the video cameras." *Jackson*, 213 F. 3d at 1281.

17.   In *United States v. Bucci*, 582 F.3d 108, 116 (1st Cir. 2009), the First Circuit Court of Appeals upheld the district court's denial of a motion to suppress video surveillance evidence collected by law enforcement over an eight month period.   "Law enforcement authorities installed a video camera on a utility pole across the street from Bucci's home and conducted surveillance of the front of his house for eight months."   The First Circuit determined that "Bucci has failed to establish either a subjective or an objective expectation of privacy in front of his home, as viewed by the camera."   *Id*.   The Court of Appeals noted that there were not shrubs, bushes, fences or other barriers that block view by the public of Bucci's home, and further stated that "an individual does not have an expectation of privacy in items or places he exposes to the public."   *Id*. at 117 (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)).

18.   The pole surveillance cameras to be installed will not have the ability to record audio. The surveillance cameras will only view what is visible with the naked eye from the public area in front of the apartment building.

19.   Technical Officers of LG&E/Kentucky Utilities have the ability and technical expertise to install on the utility poles the following video cameras and signal communication devices, including accompanying supporting equipment and electrical power sources.

**WHEREFORE**, it is respectfully requested that this Court grant an order, which:

(A)  authorizes the installation and use for sixty (60) days of surveillance cameras and other equipment necessary for its operation on a utility pole maintained by LG&E/Kentucky Utilities, located at the intersection of Village Drive and Daniel Court, near 2033 Daniel Court, Lexington, Fayette County, Kentucky, 40504.  The surveillance cameras shall not record audio;

(B)  orders that LG&E/Kentucky Utilities and its agents and employees make no disclosure of the existence of the application and order for the installation of this surveillance camera and accompanying equipment unless and until authorized to do so by this Court; and

(C)  seals this Application and the Court's orders pending further orders of the Court.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

This the 10th day of January, 2020.

Respectfully submitted,

Signed remotely per FRCP 4.1.  See addendum.
David Lowery
FBI Special Agent

Signed remotely per FRCP 4.1.  See addendum.
Kate K. Smith
Assistant United States Attorney

Subscribed and sworn to me, this the 10th day of January 2020.

HONORABLE MATTHEW A. STINNET
UNITED STATE MAGISTRATE JUDGE

# Attachment A

Google Maps    2033 Daniel Ct



Imagery ©2020 Maxar Technologies, U.S. Geological Survey, Map data ©2020    50 ft

https://www.google.com/maps/place/2033+Daniel+Ct,+Lexington,+KY+40504/@38.0512362,-84.5506024,222m/data=!3m1!1e3!4m5!3m4!1s0x88424311bcd95fcf:0x800726a69c233a6!8m2!3d38.05140...    1/2

*Rule 4.1 Addendum*

Per Rule 4.1, the Court processed the Pole Camera Application, as to Applicants FBI SA David Lowery and AUSA Kate Smith, remotely. The Court verified the Applicants' identity (through Affiant self-identification and by personal knowledge). Applicants attested to the Application, which the AUSA transmitted by remote electronic means (e-mail). The Court issued the pole camera orders and transmitted same to the Applicants by remote electronic means (e-mail). The process complied with Rule 4.1.

_____
Matthew A. Stinnett,
United States Magistrate Judge


Date and Time:  __4:36 PM, Jan 10, 2020__